WISE, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion, which denies the State’s petition for a writ of mandamus. The gist of the per curiam opinion seems to be that this Court should not entertain the State’s mandamus petition in the middle of a jury trial because to do so would expand the limited right to appeal granted the State by §§ 12-12-70, 12-22-90, and 12-22-91, Ala.Code 1975, and by Rule 15.7, Ala. R.Crim.P. The per curiam opinion further suggests that mandamus relief is not warranted here because the State failed to avail itself of the remedy available to it, i.e., it did not seek a pretrial ruling on the admissibility of the evidence pursuant to Rule 15.6, Ala.R.Crim.P. Had it done so, the State could then have appealed the circuit court’s ruling as provided in Rule 15.7.
However, the State’s belief that the victim’s out-of-court statements would be admissible was based on this Court’s holding in K.D.H. v. State, 849 So.2d 983 (Ala.Crim.App.2002). Based on K.D.H., the State concluded that there was no need to seek a pretrial ruling on the admissibility of the statements. It was only when the circuit court determined that the statements were not admissible that the State was left in the position of being unable to present a prima facie case of first-degree sodomy against A.R.C. Thus, the State was left with no legal remedy to challenge the court’s ruling excluding the victim’s out-of-court statements — other than a petition for a writ of mandamus. Certainly, the better practice would have been for the State to seek a pretrial ruling on the admissibility of the statements. However, I disagree with the conclusion of the per curiam opinion that mandamus relief is precluded because the State did not seek such a ruling in this case. Because exclusion of the victim’s out-of-court statements was fatal to the State’s case, it was left with no other option but to petition for a writ of mandamus.
Admittedly, this is an extremely close case. However, in my opinion, although corroboration of the victim’s out-of-court statements was slight, it was nevertheless sufficient to render this evidence admissible. Even when the victim’s references to his father as the perpetrator are excluded, sufficient corroborative evidence remains to connect his father with the alleged offense. The victim’s mother testified that she became concerned when the victim made a reference to putting his “pee pee” into her “hiney.” Sometime later, the victim retrieved a bottle of lubricant from the headboard of his parents’ bed, indicating his knowledge of how the lubricant was used as well as a previous use of the lubricant. The mother testified that the lubricant was usually kept in the top of a bathroom cabinet, out of the victim’s reach. In light of the victim’s earlier comment, together with the fact that the lubricant was kept in a location accessible only to her and A.R.C., the victim’s mother became suspicious that some type of sexual abuse had occurred. The victim’s mother reported her suspicions to the Department of Human Resources, who began an investigation. During the investigation, Sherry Shaw, a licensed professional counselor with the Southeast Alabama Child Advocacy Center, administered a child sexual behavior inventory (“CSBI”) test to the victim. The victim’s test results were within the range for a child who had been sexually abused. Given this evidence, I believe that there was sufficient corroborative evidence, albeit slight, to indicate that A.R.C. had sodomized the child. See §§ 15-25-34(2), and 15-25-34, Ala.Code 1975; K.D.H. v. State, supra. Thus, the victim’s out-of-court statements concerning the details of his father’s conduct were admissible as evidence of A.R.C’s guilt.
*269 Based on the foregoing, I would grant the State’s petition for a writ of mandamus. Therefore, I must dissent.